### BENINTENDI v. PHLEVIS REALTY CORPORATION.

Civil Action No. 8978.

District Court, D. New Jersey.
Sept. 15, 1947.

Albert J. Shea, of Hoboken, N. J., for plaintiff.

Gilfert & Brown, of Hoboken, N. J., for defendant.

MEANEY, District Judge.

This is an action seeking the recovery of an alleged overpayment of rent and triple damages. The matter is submitted for determination on an agreed stipulation of facts.

The facts as stipulated disclose the following:

The premises in question consist of a five story brick building, the first floor of which is occupied as a restaurant, and the upper four floors of which are used as a lodging house for men, with beds furnished at the rate of twenty-five cents per night. The defendant company, being desirous in the early part of 1945 of purchasing the said premises, requested the Office of Price Administration to make

an inspection of the property to determine its status under section 1388.1181 of the regulations of the Office of Price Administration.

In part, that section provides as follows:

"Section 1, Scope of this Regulation:

"(b) Housing to which this regulation does not apply.

"This regulation does not apply to the following:

"(4) Structures in which more than 25 rooms are rented or offered for rent. Entire structures or premises wherein more than 25 rooms are rented or offered for rent by any lessee, sub-lessee or other tenant of such entire structure or premises: Provided; That this regulation does apply to entire structures or premises wherein 25 or less rooms are rented or offered for rent by any lessee or sub-lessee, or other tenant of such entire structures or premises, whether or not used by the lessee, sub-lessee or other tenant as a hotel or rooming house * * *."

Pursuant to the defendant's request, a representative of the Office of Price Administration made an inspection of the premises in February of 1945 and rendered a finding that the second floor of the said premises contained seventeen cubicles, plus two large rooms, a total of nineteen, and that the third, fourth and fifth floors contained three rooms each, making a total of twenty-eight rooms in all. The finding concluded that it appeared that the building was exempt, as a structure of "over 25 rooms." This report was filed with the Office of Price Administration and, on the basis of it, the defendant company purchased the premises, taking title thereto in April, 1945.

On May 1, 1945, the plaintiff, who had been a monthly tenant at a monthly rental of $75 per month since March of 1940, was notified that beginning June 1, 1945, the rental of the upper four floors occupied as a men's lodging house would be $100 per month. Plaintiff paid the increased rental, without objection, until the first day of July, 1946, at which time he was advised that the premises in fact were non-

commercial and therefore within the rent regulations pertaining to housing accommodations. Plaintiff thereafter refused to pay more than the $75 monthly rental previously in effect. Defendant refused to accept a rental of less than $100. The matter came ultimately before the Office of Price Administration, and defendant realty company was ther advised that the Office of Price Administration now considered the building non-commercial, and that any increase in rent, without proper procedure, was a violation of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq.

From the facts as they thus appear, it is clear that the application of the Act to the premises in question depends entirely on the classification to be given the "cubicles" located on the second floor. Quite obviously, if such cubicles are to be considered as rooms the total number of rooms will exceed 25 and thereby remove these premises from the control and regulation of the Act under the section above quoted. Such a classification, however, seems to the court to be quite untenable and entirely beyond the meaning of the word "rooms" as it is employed in the regulating section. The cubicles, as they are used in the premises involved herein, are a mere sectioning off of a single large room in order to provide a degree of privacy for the occupier of the beds placed therein. When rented, it would appear that the rental was for the bed and not for the space or section occupied by it. In any event, there is nothing before the court to indicate that these seventeen cubicles were other than a part of a larger room, and as such may not be dignified by themselves being classified as rooms. Such a finding, of course, brings these premises directly within the confines of the rules and regulations of the Emergency Price Control Act.

Accordingly, under this determination, the increase in rental from $75 to $100 over the period from June 1, 1945, to July 1, 1946, was in violation of the Emergency Price Control Act. However, since it appears that the statute of limitations has run, insofar as the first two months payment of excess rent is concerned, recovery of such excess rental paid by plaintiff is allowed only for the ten month period from September 1, 1945, to the end of June, 1946. In view of the efforts of the defendant company to comply with the requirements of the Emergency Price Control Act, triple damages will not be allowed. Plaintiff is awarded the sum of $250, with costs.

Judgment in accordance with the above findings may be entered.